IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 5646 |
| ) | |
| v. ) | Hon. George W. Lindberg |
| ) | |
| MONA FABRICATION CO., THE MUSLIM ) | |
| COMMUNITY CENTER, INC., ) | |
| NORTHWEST GENERAL ) | |
| CONTRACTORS, INC., and PATRICK ) | |
| TRACEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before The Court are cross-motions for summary judgment filed by plaintiff Nautilus Insurance Company ("Nautilus") and defendant Muslim Community Center, Inc. ("MCC"). Nautilus' complaint names three additional defendants, Mona Fabrication Co. ("Mona"), Northwest General Contractors, Inc. ("NGC"), and Patrick Tracey ("Tracey"). Nautilus served the additional defendants with summons and a copy of the complaint between October 16, 2008 and November 4, 2008. The additional defendants did not appear, or answer the complaint. Accordingly, on January 21, 2009, the Court entered a default order as to Mona, NGC, and Tracey. MCC is the only defendant that appeared and answered Nautilus' complaint.

In its motion, Nautilus seeks the entry of a declaratory judgment in its favor and against all four defendants. Specifically, Nautilus seeks a finding that it does not have a duty to defend MCC, Mona, and NGC in an underlying personal injury lawsuit involving Tracey. Nautilus also seeks the entry of judgment in its favor as to MCC's counterclaim. Alternatively, MCC seeks entry of judgment in its favor and a declaration that Nautilus has a duty to defend and indemnify

it in the underlying Tracey lawsuit. For the reasons set forth more fully below, Nautilus' motion is granted and MCC's motion and counterclaim are denied.

*I. Relevant Facts*

MCC did not file a response to Nautilus' Local Rule 56.1 Statement of Undisputed Material Facts. Therefore, all of the facts in Nautilus' Local Rule 56.1 Statement are deemed admitted. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). The following facts are undisputed unless specifically noted below. MCC is a not-for-profit religious organization that, in 2006, began building a community center in Illinois. MCC contracted with Mona and other businesses to do certain work on the community center. Illinois Steel was one of Mona's subcontractors on the community center project and employed Tracey.

This declaratory judgment action stems from a 2007 personal injury case Tracey filed in the Circuit Court of Cook County, Illinois ("underlying lawsuit"). In the underlying lawsuit, Tracey named various companies – including MCC and Mona – as defendants. In that lawsuit, Tracey alleged that on February 12, 2007, while an Illinois Steel employee, he suffered injuries as he worked on the community center. Tracey claimed he fell to the basement level of the community center and that the injuries he sustained from the fall were caused by the negligence of MCC, Mona, and others.

As part of Mona's construction contract with MCC, Mona agreed to obtain various types of insurance, including $1 million in comprehensive general bodily injury liability insurance. Mona purchased the comprehensive liability policy from Nautilus, policy No. NC623698 ("Nautilus policy"). The Nautilus policy was in effect from December 20, 2006 through December 20, 2007 and included the date Tracey fell to the basement level of the community

center. On October 3, 2007, MCC tendered its defense of the underlying lawsuit to Nautilus pursuant to the Nautilus policy. Nautilus rejected that tender and filed the instant suit seeking a declaratory judgment.

Mona was the primary insured under the Nautilus policy, but the policy also included an "additional insured" endorsement. That endorsement states: "Section II - Who is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule . . ." The Schedule does not list any specific person or organization. The endorsement also states that additional insureds include those "as required by written contract and per certificate of insurance as approved and on file with the company."

## II. Legal Analysis

### A. Summary Judgment Standard

To succeed on a motion for summary judgment, the moving party must show that the pleadings, depositions, answers to interrogatories, and admissions on file, together with any admissible affidavits do not create a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). The court must construe all facts in the light most favorable to the non-moving party, and must view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Under Illinois law, which the parties agree governs this case, insurance policy interpretation is a question of law, ripe for resolution on summary judgment. *Illinois School Dist. Agency v. Pacific Ins. Co., Ltd.*, 471 F.3d 714, 719 (7th Cir. 2006). To determine whether an insurer has a duty to defend its insured, "the court must look to the allegations in the

underlying complaint and compare these allegations to the relevant coverage provisions of the insurance policy." *Native American Arts, Inc. v. Hartford Caves. Ins. Co.*, 435 F.3d 729, 732 (7th Cir. 2006) (quoting *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 189 (1993)). "[A] court must construe the allegations in the underlying complaint liberally and any doubt in coverage must be resolved in favor of the insured." *Native American Arts, Inc.*, 435 F.3d at 732. However, "deference only goes so far; if the policy terms are unambiguous, the court must apply their plain and ordinary meaning." *Id*.

First, the Court turns to the issue of whether MCC is an additional insured under the Nautilus policy because it is dispositive of the pending cross-motions for summary judgment. The Court finds that MCC is not an additional insured. As set forth above, the "additional insured" endorsement in the Nautilus policy states: "Section II - Who is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule . . ." The Schedule does not list any specific person or organization. The endorsement also states that additional insureds are those "as required by written contract and per certificate of insurance as approved and on file with the company."

MCC interprets the endorsement as creating two types of automatic additional insureds; (1) those person(s) or organization(s) required by written contract to be named as additional insureds; and/or (2) those person(s) or organization(s) who have a certificate of insurance that has been approved and is on file with the company. MCC contends that it is an additional insured under the Nautilus policy because its written contract with Mona required that Mona include it as an additional insured on the Nautilus policy. Nautilus disagrees with MCC's interpretation of the endorsement language and argues that MCC would only be an additional

4

insured under the policy if it was required to be named by written contract ***and*** Nautilus had an approved certificate of insurance on file. It is undisputed that Nautilus did not have an approved certificate of insurance on file for MCC.

Neither party cites to applicable case law in support of their differing interpretations of the policy language. Therefore, the Court relies to the well-established rule that it must apply the plain and ordinary meaning of unambiguous terms in an insurance policy. *Native American Arts, Inc.*, 435 F.3d at 732. The court interprets the term "and" in the phrase "as required by written contract and per certificate of insurance as approved and on file with the company" as creating a conjunctive, dual requirement for a person or organization to qualify as an additional insured under the Nautilus policy. The Court agrees with Nautilus' interpretation of the disputed phrase. An additional insured under the Nautilus policy is a person or organization that is required to be named as an additional insured by written contract and for whom Nautilus has an approved certificate of insurance on file. In order to accept MCC's interpretation of the disputed phrase, the court would have to replace the conjunctive term "and" with the disjunctive term "or." MCC's proposed interpretation does not utilize the plain and ordinary meaning of the word "and."

The Court finds that MCC is not an additional insured under the Nautilus policy because it was not listed as an additional insured in the endorsement and Nautilus did not have an approved certificate of insurance on file for MCC. Because MCC is not an additional insured, Nautilus does not have a duty to defend MCC in the underlying litigation. Therefore, Nautilus' motion for summary judgment is granted as to MCC and judgment is entered in favor of Nautilus and against MCC as to MCC's counterclaim. MCC's motion for summary judgment is denied.

On the record before the Court, it also enters default judgment in favor of Nautilus and against defendants Mona, NGC, and Tracey. As stated above, defendants Mona, NGC, and Tracey failed to appear or defend against the instant lawsuit and the Court entered a default order as to those defendants on January 21, 2009. Nautilus has presented sufficient evidence to support a finding that it is entitled to the entry of default judgment as to the remaining three defendants.

### *III. Conclusion*

For the reasons set forth more fully above, Nautilus' motion for summary judgment is granted and MCC's motion for summary judgment is denied.

**ORDERED:** Nautilus' motion for summary judgment [28] is granted. The Muslim Community Center, Inc.'s motion for summary judgment [32] is denied. Judgment is entered in favor of Nautilus Insurance Co. and against defendants Mona Fabrication Co., The Muslim Community Center, Inc., Northwest General Contractors, Inc., and Patrick Tracey. Judgment is entered in favor of Nautilus and against MCC as to MCC's counterclaim. Nautilus does not have a duty to defend the defendants in the underlying lawsuit filed in the Circuit Court of Cook County, Illinois, *Patrick Tracey v. Williams Scotman, Inc., et al.*, Case No. 07 L 8477. All matters having been resolved, this case is terminated. This is a final and appealable order.

E N T E R:

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: May 5, 2009